Keith M. Aurzada (TX Bar No. 24009880)
Michael P. Cooley (TX Bar No. 24034388)
Lindsey L. Robin (TX Bar No. 24091422)
BRYAN CAVE LLP
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)

Proposed Attorneys for Matrix Broadcasting, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Matrix Broadcasting, LLC, | § | Case No. 18-31045 |
| | § | |
| Debtors. | § | Joint Administration Requested |

**NOTICE OF DESIGNATION AS
<u>COMPLEX CHAPTER 11 CASE</u>**

This chapter 11 case was filed on March 27, 2018.  The undersigned party in interest believes that this case qualifies under General Order No. 2006-02 as a complex chapter 11 case because:

   _____       The debtor has total debt of more than $10 million;

   \_X\_\_       There are more than 50 parties in interest in this case;

   _____       Claims against the debtor are publicly traded;

   _____       Other (substantial explanation is required.  Attach additional sheets if necessary.)

Dated: March 27, 2018
      Dallas, Texas

Respectfully submitted,

*/s/ Michael P. Cooley*
Keith M. Aurzada (TX Bar No. 24009880)
Michael P. Cooley (TX Bar No. 24034388)
Lindsey L. Robin (TX Bar No. 24091422)
BRYAN CAVE LLP
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)

***Proposed* Attorneys for the Debtors**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on March 27, 2018, a true and correct copy of the foregoing document was served via first class mail or via the Court's Electronic Case Filing (ECF) System to (or to counsel for) (i) the Debtors; (ii) the Office of the United States Trustee; (iii) Atalaya Administrative LLC; (iv) Digity Companies, LLC; (v) Alpha Media LLC; (vi) the creditors believed to hold the twenty largest unsecured claims against the Debtors; (vii) those persons who have formally appeared and requested notice and service in this case; and (viii) all governmental agencies having a regulatory or statutory interest in this case.

*/s/ Michael P. Cooley*
Michael P. Cooley

11534662.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Matrix Broadcasting, LLC, et al., | § | Case No. 18 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING COMPLEX CHAPTER 11 CASE TREATMENT**

On March 27, 2018, Matrix Broadcasting, LLC, and Matrix Broadcasting Holdings, LLC (collectively, the "*Debtors*") filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code and a *Notice of Designation as Complex Chapter 11 Case* was filed in accordance with General Order No. 2006-02. After review of the initial pleadings filed in this case, the Court concludes that this case appears to be a complex chapter 11 case. Accordingly, unless the court orders otherwise, IT IS ORDERED THAT:

1. The Debtors shall maintain a service list identifying the parties that must be served whenever a motion or other pleading requires notice. Unless otherwise required by the Bankruptcy Code or Rules, notices of motions and other matters will be limited to the parties on the service list.

11534662.1

(a) The service list shall initially include the debtors, debtors' counsel, counsel for the unsecured creditors' committee, the U.S. Trustee, all secured creditors, the 30 largest unsecured creditors of each debtor, any indenture trustee, and any party that requests notice;

(b) Any party in interest that wishes to receive notice, other than as listed on the service list, shall be added to the service list by filing and serving the debtors and debtors' counsel with a notice of appearance and request for service.

(c) Parties on the service list, who have not otherwise consented to service by e-mail, through the act of becoming a registered e-filer in this district, are encouraged to provide an e-mail address for service of process and to authorize service by e-mail; consent to e-mail service may be included in the party's notice of appearance and request for service; in the event a party has not consented to e-mail service, a "hard copy" shall be served by fax or by regular mail.

(d) The initial service list shall be filed within 3 days after entry of this order. A revised list shall be filed 7 days after the initial service list is filed. The debtors shall update the service list, and shall file a copy of the updated service list, (i) at least every 7 days during the first 30 days of the case; (ii) at least every 15 days during the next 60 days of the case; and (iii) at least every 30 days thereafter throughout the case.

2. The court sets _____, **2018 at _____ am/pm** as the next pre-set hearing date and time for hearing all motions and other matters in this case. Additional future hearing dates may also be noted on the Court's internet schedule.

(a) All motions and other matters requiring hearing, but not requiring expedited or emergency hearing, shall be noticed for hearing, on the next hearing day that is at least 23 days after the notice is mailed. As a preface to each pleading, just below the case caption, in lieu of the language required by any Local Bankruptcy Rule the pleading shall state:

4

A HEARING WILL BE CONDUCTED ON THIS MATTER ON _____AT_____AM/PM IN COURTROOM _____, [COURTHOUSE NAME & ADDRESS], _____, TEXAS.

In addition, if the relief sought in the pleading may be urged subject to negative notice, as permitted by Local Bankruptcy Rules 9007.1 and 9014.1 and General Order 2005-01, the pleading may further state:

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

(b) All motions and other matters requiring expedited or emergency hearing shall comply with the usual court requirements for explanation and verification of the need for emergency or expedited hearing. Specifically, if a party in interest has a situation that it believes requires consideration on less than 23-days' notice, or an emergency that it believes requires consideration on less than 5 business days' notice, then the party should file and serve a separate, written motion for expedited hearing, with respect to the underlying motion. The court will make its best effort to rule on the motion for expedited or emergency hearing within 24 hours of the time it is presented. If the court grants the motion for expedited or emergency hearing, the underlying motion will be set by the courtroom deputy at the next available pre-set hearing day or at some other appropriate shortened date approved by the court. The party requesting the hearing shall be responsible for providing proper notice in accordance with this order and the Bankruptcy Code and Rules.

3. Emergency and expedited hearings (and other hearings in limited circumstances) in this case may be conducted by telephone or, where available, video. Parties must request permission to participate by telephone by calling the

5

11534662.1

courtroom deputy, _____, at _____.

4. If a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. If the court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement, (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the court may approve the settlement at the hearing without further notice of the terms of the settlement.

5. The debtors shall give notice of this order to all parties in interest within 7 days. If any party in interest, at any time, objects to the provisions of this order, that party shall file a motion articulating the objection and the relief requested. After hearing the objection and any responses, the court may reconsider any part of this order and may grant relief, if appropriate.

### # # # END OF ORDER # # #

Submitted by:

Keith M. Aurzada (TX Bar No. 24009880)
Michael P. Cooley (TX Bar No. 24034388)
Lindsey L. Robin (TX Bar No. 24091422)
BRYAN CAVE LLP
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)

Proposed Attorneys for Matrix Broadcasting, LLC